OPINION
Kurt A. Ferguson was charged with possession of drug paraphernalia, a minor misdemeanor, and drug abuse, a minor misdemeanor. After a trial to the bench, the court made a finding of not guilty as to the drug paraphernalia charge and a finding of guilty as to the drug abuse charge. The court imposed a fine of $100 and court costs. Payment of fine and costs was stayed pending appeal.
On appeal, Ferguson assigns the following as error:
 THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO ACQUIT UNDER CRIMINAL RULE 29, BECAUSE THE CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE.
At the outset, we observe that a judgment of acquittal should be granted at the close of the State's case only when the evidence is insufficient to support a finding of guilty. Whether a conviction is against the weight of the evidence involves different considerations than whether the evidence is insufficient. See State v. Thompkins (1997), 78 Ohio St.3d 380. As will be seen, upon consideration of the record, we conclude both that the evidence was sufficient and that the judgment is supported by the manifest weight of the evidence.
The sole issue before the trial court was whether the State presented sufficient evidence that vegetable material tested on June 1, 1998 by chemist Michael Wathen of the Miami Valley Regional Crime Laboratory was the same vegetable material seized from Ferguson's automobile by Five Rivers Metro Parks Ranger Pamela Wightman on May 21, 1998. Ranger Wightman testified that she stopped an automobile driven by Ferguson and occupied by a female passenger for a traffic violation in Eastwood Park on May 21, 1998, at about 1:15 p.m. Ranger Wightman testified that she smelled marijuana as she approached the car and soon learned that the driver, Ferguson, was operating with a suspended license. She had Ferguson step out of the car and observed a bag of suspected marijuana next to the driver's seat on the driver door side of the seat. Ranger Wightman testified that Ferguson's eyes were red and he smelled like marijuana. Upon inquiry, Ferguson told Ranger Wightman that there was more marijuana in the trunk and consented to her looking in the trunk. Ranger Wightman testified that she observed in the trunk a brown paper bag containing five clear baggies of suspected marijuana and that, in the car itself, she found rolling paper and a number of roaches, which are marijuana cigarette butts. Ranger Wightman testified that she placed all of these items in a sealed envelope and "(t)he information was written on front" and "my initials were put on back of the envelope." Ranger Wightman testified that she gave the envelope to an evidence technician, Lt. Makley, for transmittal to the Miami Valley Regional Crime Laboratory, and that at the scene she wrote an "FRA" citation and awaited the return of the lab report before considering other charges. After the lab report came back, Ranger Wightman cited Ferguson for possession of drug paraphernalia and for drug possession. Wightman also testified that the female passenger had told her that she and Ferguson had "smoked a joint" before Wightman had stopped their car.
Michael Wathen testified that he is the laboratory supervisor of and a chemist at the Miami Valley Regional Crime Laboratory. Ferguson stipulated as to his qualifications to testify. Wathen testified that he had worked at the Miami Valley Regional Crime Laboratory for twenty-one years and that the case he was testifying about had been given laboratory number 98-08134. He testified that on May 26, the laboratory had received a manila envelope containing seven plastic bags with vegetable material, rolling paper, and a vial containing cigarette butts. Wathen testified that he actually worked on the contents of the envelope on June 1, 1998. He testified that when he received the envelope for processing on June 1, the seals were intact. Wathen testified that he weighed the bags, and the total weight was 98.4 grams. He also testified that he checked the contents of the seven bags for consistency. He testified that his marijuana testing has always been accurate during his 21-year career. He also testified that because the total weight was less than 100 grams, there was no need to test all seven baggies. He testified that he repackaged the contents for pickup by Five Rivers Metro Parks. Wathen's report was introduced into evidence and stated in pertinent part as follows:
TO: Agent P.L. Wightman
Five Rivers Metro Parks
FROM: Michael A. Wathen
Laboratory Supervisor
 SUBJECT: Laboratory Case #98-08134 Five Rivers Metro Parks, Narcotics occurring at Eastwood Metro Park on May 21, 1998 Subject: Kurt A. Ferguson
Sir:
 On May 26, 1998 the Laboratory received the following evidence:
Exhibit #1 One manila envelope containing:
 1a. Seven plastic bags containing vegetable material and weighing 98.94 grams
 1b. One plastic vial containing cigarette butts containing vegetable material
1c. One pack of cigarette paper
 Exhibit #1a was analyzed and found to contain Cannabis, commonly known as Marijuana.
Exhibits #1b and #1c were not analyzed.
The evidence is available for pickup.
Respectfully,
Michael A. Wathen
Laboratory Supervisor
At the close of the State's case, Ferguson moved for judgment of acquittal pursuant to Rule 29, arguing that the evidence was insufficient to establish that the vegetable material that Wathen tested June 1, and found to be marijuana, was the same vegetable material seized from Ferguson's automobile May 21, 1998. The trial court overruled the motion, made a finding of guilty of drug abuse, and fined Ferguson and assessed costs as indicated above.
"Although the state bears the burden of establishing a proper chain of custody, that duty is not absolute. The state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur; breaks in the chain of custody go to the weight, not the admissibility, of the evidence."State v. Blevins (1987), 36 Ohio App.3d 147.
In arguing that the State failed to establish that the vegetable matter seized May 21 from Ferguson's car was the same vegetable matter found to be marijuana June 1, Ferguson points to the following: The evidence technician who transported the envelope from Ranger Wightman to the Miami Valley Regional Crime Laboratory did not testify; there was a five-day delay in transmittal of the envelope to the laboratory; Wathen did not testify about the information or initials that Ranger Wightman said she put on the envelope; the envelope and its contents were not in evidence at trial; Ranger Wightman said that there were six baggies of vegetable material, whereas Wathen testified that he counted seven; Wathen failed to mention a brown bag that Ranger Wightman said she had found the baggies in and had put in the manila envelope that she sent to the lab; Wathen failed to mention either roaches or rolling papers.
The contention that Wathen failed to mention the roaches or rolling papers is belied by the record. In our judgment, the other deficiencies affect, at most, the weight of the evidence. They do not render the evidence insufficient. Wathen testified that on June 1, before he examined and tested the contents of the manila envelope, he assured himself that the seals on the envelope had not been tampered with. Hence, it is readily inferable that the contents of the envelope that Wathen examined June 1 were the contents placed in the envelope prior to its transmittal to the laboratory. Secondly, Ranger Wightman's description of the contents is comparable, albeit not identical, to the description of the contents provided by Wathen. Finally, Wathen's written report, quoted above, corresponds in terms of time and place with Ranger Wightman's testimony as to the time and place that she encountered Ferguson and seized the suspected marijuana, roaches, and rolling papers. Ranger Wightman had testified that "the information was written on the front" and that "my initials were put on the back of the envelope." The inference is strong that Wathen obtained this information in his report as to time and place from the envelope that contained the items that he examined and/or tested.
This evidence was sufficient to establish that the vegetable material that was tested positively for marijuana June 1 was the same material that Ranger Wightman had seized from Ferguson's car and put into the manila envelope May 21. The Crim.R. 29 motion for judgment of acquittal was properly overruled. The finding of guilty was not against the manifest weight of the evidence.
The assignment of error is overruled, and the judgment will be affirmed.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
Mary E. Welsh
John H. Rion
Hon. John Pickrel